# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ANTONIO DJUAN THOMPSON, ) <br> ) <br> Defendant. ) | Case No. CR-08-166-D <br> CIV-11-1089-D |

## ORDER

Before the Court is Defendant's *pro se* motion to vacate, set aside or correct his sentence [Doc. No. 66] filed pursuant to 28 U. S. C. § 2255. The government timely responded to the motion.

Background:

Defendant was charged in a two-count Indictment with being a felon in possession of a firearm in violation of 18 U. S. C. § 922(g)(1) and with possession of marijuana in violation of 21 U. S. C. § 844(a). Following a bench trial, Defendant was found guilty on both counts. On September 4, 2009, Defendant was sentenced to imprisonment of 235 months on the felon in possession charge, and to 12 months on the marijuana possession charge, with the terms to be served concurrently. *See* Judgment [Doc. No. 50] at page 2. The Judgment also requires that he serve a supervised release term, consisting of three years on the felon in possession charge and one year on the marijuana charge, with those terms to be served concurrently. *Id.* at page 3.

Defendant timely appealed, arguing that the Court erred in denying his motion to suppress evidence. The Tenth Circuit Court of Appeals found no error in the Court's denial of Defendant's motion, and affirmed the decision. *United States v. Thompson*, 402 F. App'x 378 (10th Cir. 2010).

Defendant then filed a petition for a writ of certiorari with the United States Supreme Court, but certiorari was denied on March 23, 2011. He filed the instant motion on September 28, 2011.

Defendant's sole basis for relief is his contention that his trial counsel was ineffective. He cites specific instances which he argues constitute ineffective assistance of counsel in violation of his Sixth Amendment rights. Defendant has submitted a memorandum in support of his motion [Doc. No. 67], and attaches an affidavit in support of his factual contentions. In its response brief [Doc. No. 70], the government addresses each of Defendant's arguments in detail, and submits the affidavit of Defendant's trial and appellate counsel, Michael S. Johnson, as Attachment 1 to its brief.

Defendant asks the Court to conduct a hearing on his motion. "A § 2255 petitioner is entitled to an evidentiary hearing when there is a disputed factual issue." *United States v. Gallegos,* 459 F. App'x 714, 716-17 (10th Cir. 2012) (unpublished opinion) (citing *Anderson v. Atty. Gen. of Kansas*, 425 F.3d 853, 860 (10th Cir. 2005) ("The purpose of an evidentiary hearing is to resolve conflicting evidence.")). Having reviewed the file, the parties' briefs, and the affidavits, the Court concludes that an evidentiary hearing is not required because most of the arguments involve questions of law and, to the extent Defendant raises factual contentions, those contentions can be resolved by examining the record in this case. *See United States v. Galloway*, 56 F. 3d 1239, 1240 (10th Cir. 1995). Accordingly, the motion for an evidentiary hearing is denied.

<u>Analysis:</u>

As the government notes, Defendant's ineffective assistance claim was not raised in his direct appeal. Section 2255 motions are not available to review the legality of issues that should have been, and were not, raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982);

*United States v. Allen*, 16 F. 3d 377, 378 (10th Cir. 1994). However, the procedural bar may be avoided where the defendant argues his counsel was ineffective at trial. *United States v. Wiseman,* 297 F. 3d 975, 979 (10th Cir. 2002). In fact, the Tenth Circuit has held that ineffective assistance claims should "ordinarily be brought in collateral proceedings and not on direct appeal." *United States v. Jones,* 449 F. App'x 767, 769 (10th Cir. 2011) (unpublished opinion) (citing *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005)). Accordingly, Defendant's motion is procedurally proper.

To establish his ineffective assistance of counsel claim, Defendant must show both that his counsel's performance was constitutionally deficient and that, as a result, Defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An ineffective assistance of counsel claim is deficient if the Court finds either factor absent, and it is not required to consider the factors in any particular order. *Id.*, at 697; *Cooks v. Ward*, 165 F. 3d 1283, 1292-93 (10th Cir. 1998).

The Court's "review of counsel's performance under the first prong of *Strickland* is a highly deferential one." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir.2011) (quotations omitted), *cert. denied*, 132 S.Ct. 763 (2011). As the Tenth Circuit has explained, "'[W]e indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and presume that counsel's conduct is sound strategy." *United States v. Page,* 2012 WL 11664129, at *4 (10th Cir. May 14, 2012) (unpublished opinion) (quoting *Welch v. Workman*, 639 F.3d 980, 1010 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 292 (2011)). "To be deficient, the performance must be outside the wide range of professionally competent assistance.... [I]t must have been completely unreasonable, not merely wrong." *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (citation and quotations omitted). "Prejudice is established by showing 'there is a reasonable probability that,

3

but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Baum,* 461 F.App'x 736 (10th Cir. 2012) (unpublished opinion) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Defendant cites several acts or omissions of his counsel in support of his ineffective assistance claim. The Court addresses each of these contentions in the context of the analysis dictated by *Strickland* and its Tenth Circuit application.

Defendant argues his counsel was ineffective because he failed to object to, or challenge, allegedly inaccurate information contained in the Indictment and the possible variance between the charging language and the evidence at trial. He contends that the language in the Indictment is inaccurate because it states that the penalty for being a felon in possession is set out at 28 U. S. C. § 924(a)(2). The statute provides a 10-year term of imprisonment for the charged crime. Although Defendant's argument with respect to this allegation is somewhat unclear, he appears to contend the Indictment is inaccurate because it fails to mention the potential application of the Armed Career Criminal Act ("ACCA"), 18 U. S. C. § 924(e), which increases the term of imprisonment to 15 years. He contends that his counsel should have challenged the Indictment on this basis and was ineffective in failing to do so.

Defendant's argument is not supported by the law. The omission in the Indictment of the ACCA penalty is not an inaccuracy, as the term of imprisonment that may be imposed is not an essential element of the crime charged and need not be included in the Indictment. The Tenth Circuit has "consistently held" that "prior criminal convictions which enhance a sentence are not elements of the offense which must be proved to a jury." *United States v. Byers,* 172 F. App'x 234,

4

235 (10th Cir. 2006) (unpublished opinion) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *United States v. Dorris,* 236 F.3d 582, 587 (10th Cir. 2000); *United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2005)). Instead, these are issues which arise at sentencing in the event a defendant is found guilty. Thus, Defendant's counsel in this case could not have been ineffective for failing to raise an argument which has been repeatedly rejected by the Tenth Circuit.

To the extent Defendant contends his counsel performed deficiently because he allegedly failed to discuss with Defendant the potential application of the ACCA to the sentence that might be imposed, his counsel's affidavit states that the ACCA's potential impact was discussed repeatedly. That Defendant may dispute this does not, however, create a factual issue requiring an evidentiary hearing because Defendant has failed to offer any argument to show that a failure to discuss the ACCA was prejudicial to him. The ACCA impacted Defendant's sentence, and that impact existed even if Defendant had elected to plead guilty. Accordingly, even if his counsel did not discuss the potential impact of the ACCA resulting from Defendant's multiple prior felonies, the failure to do so could not have altered the trial outcome or the sentence imposed.

Defendant also contends that counsel was ineffective at sentencing because he failed to contest the propriety of using certain prior felony convictions to justify application of the ACCA. Defendant argues that counsel should have argued that some prior convictions did not qualify for the ACCA enhancement.

The record in this case reflects that Defendant's contention is incorrect. Counsel for Defendant filed an Objection to the Presentence Investigation Report [Doc. No. 47] in which he objected to numerous findings in that Report. Among the objections raised were challenges to the propriety of applying several prior felony convictions to warrant ACCA enhancement. In fact, these

5

challenges were a primary focus of the Objection, and counsel argued these objections at the sentencing hearing. That the Court rejected counsel's arguments does not mean he was ineffective in presenting them.

Defendant next argues that counsel was ineffective because he failed to have a "contingency plan" in the event the pretrial motion to suppress evidence was unsuccessful, arguing that counsel did not adequately prepare for trial in the event the motion was denied. Again, Defendant's argument is unclear, as he does not explain what Defendant failed to do that rendered his legal assistance ineffective, but states that counsel focused only on the effort to suppress evidence. The record in this case establishes that counsel for Defendant vigorously pursued the motion to suppress, and the Court held a lengthy hearing on the motion. Numerous witnesses were called by the government and were extensively cross-examined by Defendant's counsel. Defendant's counsel also called several witnesses and questioned them extensively. The Court denied the motion to suppress, and Defendant's counsel continued to challenge the propriety of admitting the evidence in question during trial as well as on appeal.

The record in this case reflects that, despite the Court's adverse ruling on the motion to suppress, Defendant's counsel vigorously defended him at trial. The government's witnesses were extensively cross-examined, counsel renewed objections to the challenged evidence, and he presented a defense which reflected that counsel was well prepared for trial.

That other attorneys might have employed a different strategy at trial does not render an attorney's assistance constitutionally deficient. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. In any event, to establish ineffective

assistance, it is not enough "to show that his attorney's strategy was merely wrong, or his actions unsuccessful." *King v. Parker*, 443 F. App'x 369, 371 (10th Cir. 2011) (unpublished opinion) (citing *Hoxsie v. Kerby,* 108 F.3d 1239, 1246 (10th Cir. 1997)). For an attorney's performance to be deficient, it must be "completely unreasonable." *Hooks*, 606 F.3d at 723. Defendant's contentions do not demonstrate completely unreasonable conduct by his counsel. Furthermore, Defendant has offered argument to show how he was prejudiced by the trial strategy employed by his counsel.

Defendant next argues that counsel was ineffective because he failed to argue that the weapon found during the search was not in plain view. He also contends Defendant failed to point out alleged inconsistencies in the government witnesses' testimony regarding the location of the weapon and whether it was in plain view. Again, the record reflects that Defendant's contentions are incorrect. During the hearing on Defendant's motion to suppress and at trial, government witnesses testified regarding the circumstances surrounding the finding of the weapon. Defendant's counsel cross examined these witnesses at length, eliciting testimony that the room was dark and that not all officers present saw the weapon in plain view. Contrary to Defendant's current contention, his counsel vigorously pursued this issue. That the Court concluded the evidence supported the government's position does not compel a conclusion that Defendant's counsel performed ineffectively in this regard.

Defendant contends that counsel was also ineffective because he failed to offer evidence to show that the firearm in question was owned by his girlfriend. This issue was, however, addressed during the trial, and the Court's Order and Judgment reflects both the factual contentions and legal rules governing the government's burden of proving possession of a firearm within the scope of § 922(g)(1). Order and Judgment [Doc. No. 42] at pp. 16-18. In brief summary, the Court noted that

possession may be actual or constructive, and proof of joint possession is sufficient to satisfy the government's burden of showing Defendant possessed the firearm. *See, e.g., United States v. Norman*, 388 F.3d 1337, 1340 (10th Cir. 2004). The Court found that the evidence at trial showed Defendant, in a post-*Miranda* voluntary statement, told a law enforcement officer that he purchased the firearm for protection and that he purchased ammunition. Order and Judgment at p. 17. The Court further found that, even if that statement had not been made, the evidence was sufficient to find Defendant had constructive possession of the firearm. *Id.* at p. 18. Accordingly, even if his girlfriend had testified she owned the firearm, the Court's determination of constructive possession would not have been different. Defendant cannot show prejudice on this basis.

Defendant also contends his counsel was ineffective because he failed to demand a jury trial after the pretrial motion to suppress was denied. Based on the record in this case, Defendant's contention is without merit.

The record establishes that the Court conducted a hearing on Defendant's request to waive a jury trial. During the hearing, the Court directly questioned Defendant regarding his understanding of his right to a jury trial and whether his waiver of that right was knowingly and voluntarily made. In its response brief, the government quotes from the transcript of this hearing, which reflects the Court's questions, and Defendant's responses, regarding whether Defendant read and discussed with counsel the written waiver of his right to a jury trial. Defendant responded affirmatively. The Court then questioned Defendant in detail regarding his understanding of the rights he was waiving by foregoing a jury trial. Defendant consistently responded by expressing his knowledge of the right to a jury trial as well as the impact of his waiver of that right.

Furthermore, as the government points out, the hearing on Defendant's waiver of his right

to a jury trial occurred five days prior to the trial's commencement. As a result, Defendant had ample time in which to reconsider his decision to forego a jury. He did not.

Defendant argues that his counsel should not have suggested a non-jury trial to the same judge who had denied the motion to suppress evidence because he knew the evidence would be admitted at trial. However, as the government notes, the denial of the motion to suppress occurred prior to Defendant's decision to forego a jury, and the evidence would have been admitted if a jury trial had been conducted. Defendant's claim of prejudice is not supported by the law or the evidence of record.

Defendant also contends his counsel was ineffective because he failed to seek negotiation of a plea agreement on Defendant's behalf. He argues he would have been "open to the possibility of pleading guilty to a lesser charge or reduced sentence." Memorandum in support of motion at p. 21. As the government points out, the Tenth Circuit has rejected a contention that failure to initiate settlement negotiations equates to constitutionally deficient assistance of counsel. *United States v. Boone,* 62 F.3d 323 (10th Cir. 1995), *cert. denied,* 516 U.S. 1014 (1995). In *Boone*, the Circuit held that, even if ineffective assistance could be based on failure to seek a plea, a defendant must show the prosecution was willing to negotiate a plea acceptable to the trial court and that the resulting sentence would have been different. *Boone,* 62 F.3d at 327. Otherwise, a defendant's claim that failure to initiate plea negotiations was prejudicial was purely speculative. *Id.*

Defendant's contention in this case is also deficient. There is nothing in the record to suggest that the government would have allowed him to plead to a lesser charge. Defendant's argument is speculative and insufficient to constitute a basis for ineffective assistance of counsel.

Conclusion:

9

For the foregoing reasons, the Court denies Defendant's motion [Doc. No. 66] for relief pursuant to 28 U. S. C. § 2255.

Having reached that conclusion, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the Court to determine whether a certificate of appealability should issue. To obtain a certificate of appealability, Defendant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). Defendant can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Defendant has failed to do so in this case. Accordingly, the Court concludes that a certificate of appealability should not issue.

IT IS SO ORDERED this 15th day of June, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE